## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY IEZZI : <br> 131 N. Yarmouth Avenue : <br> Longport, NJ 08403 : <br> : <br>           Plaintiff, : <br>   v. : <br> : <br> CROSSCOUNTRY MORTGAGE, LLC : <br> d/b/a CROSSCOUNTRY MORTGAGE : <br> 6850 Miller Road : <br> Brecksville, OH 44141 : <br> : <br>           Defendant. : <br> : | CIVIL ACTION <br><br> No.: <br><br><br> **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Anthony Iezzi (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by CrossCountry Mortgage, LLC d/b/a CrossCountry Mortgage (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq*.), the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq*.), and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff was unlawfully terminated by Defendant, and he suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2. Plaintiff resides in and is a citizen of New Jersey.

---

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

3. CrossCountry Mortgage, LLC d/b/a CrossCountry Mortgage is incorporated under the laws of Delaware with headquarters and/or principal place(s) of business in Ohio and Pennsylvania, rendering it a citizen of Delaware, Ohio, and Pennsylvania.

4. This Court, in accordance with 28 U.S.C. § 1332, has jurisdiction over Plaintiff's claims because there is complete diversity jurisdiction, as Plaintiff is a citizen of New Jersey and Defendant is a citizen of Delaware, Ohio, and Pennsylvania and the amount in controversy exceeds $75,000.

5. This action is also being initiated pursuant to federal law(s) (the ADA and the ADEA) and therefore, the United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

6. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

7. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

8. Venue is further appropriate in this District as follows:

  a. Plaintiff was hired through, assigned to, and considered based from Defendant's 625 West Ridge Pike, Conshohocken, Pennsylvania location; and

  b. Plaintiff was supervised at all relevant times herein by Defendant's Conshohocken, Pennsylvania management.

9. Plaintiff is proceeding herein (in part) under the ADA and the ADEA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

10. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

11. Plaintiff is an adult who resides at the above-captioned address.

12. CrossCountry Mortgage, LLC d/b/a CrossCountry Mortgage is mortgage lending company with several locations throughout the United States and headquarters located at the above-captioned address. Plaintiff, however, was hired through and considered based from Defendant's Conshohocken, Pennsylvania address (as set forth *supra*).

13. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15. Plaintiff was employed as a Business Development Specialist for over one year, from in or about August of 2021, until his unlawful termination (discussed further *infra*) on or about November 15, 2022.

16. While Plaintiff was primarily a remote employee, he was deemed based from Defendant's Conshohocken, Pennsylvania location.

17. Plaintiff was primarily supervised by Conshohocken Branch Manager, Scott Sciarra (hereinafter "Sciarra"), among other management indirectly.

18. Throughout his employment with Defendant, Plaintiff was a hard-working employee who performed his job well.

### -Disability Discrimination-

19. Plaintiff has and continues to suffer from several ADA-qualifying disabilities, including but not limited to Diabetes, a compromised immune system, PTSD, and physical health problems (among other complications).

20. As a result of his aforesaid health conditions, Plaintiff suffered from anxiety, issues related to blood sugar regulation, and mobility problems, which (at times) limits his ability to perform some daily life activities, including but not limited to concentrating, walking, and working (among other daily life activities).

21. Despite Plaintiff's aforesaid health conditions and limitations, he was able to perform the duties of his job well; however, he (at times) needed reasonable medical accommodations while employed with Defendant (discussed further *infra*).

22. For example, shortly after his hire, Plaintiff informed Sciarra of the nature of his aforesaid health conditions and need for accommodations regarding the same, including but not limited to: (1) periodic breaks as needed to monitor, eat a snack, and/or address blood sugar

fluctuations; (2) intermittent time off for doctor's visits and to care for and treat for his aforesaid health conditions; and (3) an assistant to help with his large workload, to assist with his anxiety.

23. Plaintiff's aforesaid requested accommodations were reasonable, and in fact, upon information and belief several non-disabled Business Development Specialists were provided with assistants as a standard practice. Moreover, Plaintiff was promised an assistant by Sciarra throughout the bulk of his employment with Defendant, but he was never provided with one.

24. Beginning in or about the summer of 2022, Plaintiff began to suffer from flareups of his anxiety and physical conditions, including but not limited to hip and nerve pain, which was causing mobility issues.

25. As a result of the aforesaid flareups of his physical conditions, Plaintiff needed time off for doctor's appointments, including diagnostic testing.

26. Beginning in or about August of 2022, Plaintiff informed Sciarra that he would likely need hip replacement surgery and physical therapy in the near future.

27. In an effort to be a team player and as a result of the large volume of work Defendant was experiencing, Plaintiff continued to put off his surgery and accompanying medical leave for several months.

28. Thereafter, Plaintiff was approved for and commenced a medical leave of absence, beginning on or about October 5, 2022, to care for and treat for his aforesaid health conditions, including physical therapy.

29. However, in response to his request for a medical leave of absence, Sciarra hostilely informed Plaintiff that he should avoid taking a medical leave, going so far as to berate Plaintiff that he would "kick [Plaintiff's] ass" if he took a medical leave, and that if Plaintiff did take one,

he needed to keep it very short.  Plaintiff perceived this to be discriminatory and a threat to his employment.

30. Plaintiff was cleared to return to work from his medical leave on or about November 15, 2022.

31. However, when Plaintiff attempted to resume working on or about November 15, 2022, he was abruptly informed that he was being terminated *that same day*.

32. Plaintiff expressed concerns of being terminated due to his medical leave and aforesaid health conditions, but Defendant's Human Resources ("HR") personnel informed Plaintiff that he had no job protection and it was not discrimination if he was terminated *after* being cleared to work.  This seemed nonsensical and clearly discriminatory and retaliatory to Plaintiff.

33. Plaintiff was further informed that he was purportedly part of a reduction in force or layoff for his branch.  However, this is clearly pretextual, as Plaintiff worked remotely, Defendant has thousands of employees across the country, and Plaintiff could easily have been assigned to any city or state in the country.  Moreover, Defendant reorganizes and reassigns employees to different branches all the time.

34. Prior to terminating Plaintiff, Defendant failed to properly accommodate Plaintiff by (1) failing to provide him with an assistant to aid with his anxiety, despite promising to do so on several occasions; (2) considering his health conditions and accommodation requests in making the decision to terminate him; and (3) failing to keep his position open during his approximate five-week medical leave (or assign him to a different branch upon his return from medical leave).

35. Plaintiff believes and therefore avers that he was subjected to retaliation because of (1) his known and/or perceived health problems; (2) his record of impairment; (3) his requested accommodations; and (4) Defendant's failure to properly accommodate him (discussed *supra*).

36. Plaintiff further believes and therefore avers that his disabilities were a motivating/determinative factor in the termination of his employment with Defendant.

### -Age Discrimination-

37. Plaintiff is a 54-year-old adult male.

38. Plaintiff became aware through observations and his personal experience that Sciarra clearly favored younger employees and exhibited clear hostility and animosity toward Plaintiff. For example, but not intended to be an exhaustive list, Sciarra:

   a. Treated Plaintiff in a rude and demeaning manner, unlike his younger co-workers;

   b. Called Plaintiff an "old, washed-up employee," directly to Plaintiff and others;

   c. Informed Plaintiff that he was "too old," did "not have a good book of business," and that people did not respect him;

   d. Referenced the "youthful" employees in their 20s and 30s, who were purportedly performing better than Plaintiff as they were part of the social scene in bars and other areas, and telling Plaintiff he was "too old for that"; and

   e. Informed Plaintiff he did not have the "stamina" to socialize for business opportunities like his younger co-workers.

39. Plaintiff observed and/or was subjected to the aforesaid instances of discriminatory and disparate treatment for several months, until his abrupt termination on or about November 15, 2022, for pretextual reasons – a purported reduction in force (set forth *supra*).

40. Defendant's purported reason for Plaintiff's termination is patently untrue and pretextual, however, because Plaintiff was a hard-working employee for Defendant without a history of progressive discipline, and Plaintiff could easily have been assigned to another branch in any city or state in the country and remain working for Defendant.

41. Plaintiff believes and therefore avers that his advanced age was a motivating and/or determinative factor in the termination of his employment by Defendant.

## COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
(1) Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;
[3] Hostile Work Environment; and [4] Failure to Accommodate)

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

44. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant, however, Plaintiff did require reasonable medical accommodations at times.

45. Plaintiff kept Defendant informed of his serious medical conditions and need for medical treatment and other accommodations.

46. Plaintiff requested reasonable accommodations from Defendant, including but not limited to (1) periodic breaks as needed to monitor, eat a snack, and/or address blood sugar fluctuations; (2) intermittent time off for doctor's visits and to care for and treat for his aforesaid health conditions; and (3) an assistant to help with his large workload, to assist with his anxiety.

47. Plaintiff was subjected to a hostile work environment through pretextual

admonishment and derogatory comments and treatment as a result of his aforesaid health conditions and requested accommodations.

48. Plaintiff was terminated, on or about November 15, 2022, in close temporal proximity to requesting/utilizing accommodations for his own health conditions and *the same day* he attempted to return from medical leave.

49. Defendant failed to properly accommodate Plaintiff by (1) failing to provide him with an assistant to aid with his anxiety, despite promising to do so on several occasions; (2) considering his health conditions and requested accommodations in making the decision to terminate him; and (3) failing to keep his position open during his approximate five-week medical leave (or assign him to a different branch upon his return from medical leave).

50. Plaintiff believes and therefore avers that he was subjected to retaliation because of (1) his known and/or perceived health problems; (2) his record of impairment; (3) his requested accommodations; and (4) Defendant's failure to properly accommodate him (discussed *supra*).

51. Plaintiff further believes and therefore avers that his disabilities were a motivating/determinative factor in the termination of his employment with Defendant.

52. Defendant's actions as aforesaid constitute violations of the ADA.

## COUNT II
## Violations of the Age Discrimination in Employment Act ("ADEA")
([1] Age Discrimination & [2] Wrongful Termination)

53. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54. While employed with Defendant, Plaintiff was subjected to discrimination based on his age by Defendant's management.

55. Plaintiff was treated disparately with respect to policies, work, and termination contrary to individuals substantially younger than him.

56. Plaintiff was abruptly terminated on or about November 15, 2022, for pretextual and discriminatory reasons.

57. Plaintiff believes and therefore avers that his advanced age was a motivating and/or determinative factor in the termination of his employment by Defendant.

58. These actions as aforesaid constitute unlawful age discrimination under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C. Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law; and

F.       Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
*Attorneys for Plaintiff*

Dated:   July 24, 2023

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Anthony Iezzi | : | CIVIL ACTION |
| v. | : |  |
| CrossCountry Mortgage, LLC d/b/a CrossCountry Mortgage | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 7/25/2023 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 131 N. Yarmouth Avenue, Longport, NJ 08403

Address of Defendant: 6850 Miller Road, Brecksville, OH 44141

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/25/2023   _____signature_____   ARK2484 / 91538
      *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 7/25/2023   _____signature_____   ARK2484 / 91538
      *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
IEZZI, ANTHONY

**DEFENDANTS**
CROSSCOUNTRY MORTGAGE, LLC D/B/A CROSSCOUNTRY MORTGAGE

**(b)** County of Residence of First Listed Plaintiff: Atlantic
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Cuyahoga
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/Exchange |
| 196 Franchise | | 751 Family and Medical Leave Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| | | 790 Other Labor Litigation | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment / 535 Death Penalty | 462 Naturalization Application | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | 448 Education / 550 Civil Rights | | | |
| | / 555 Prison Condition | | | |
| | / 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); ADEA (29USC621)

Brief description of cause:
Violations of the ADA, ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY *(See instructions):*
JUDGE: _____   DOCKET NUMBER: _____

DATE: 7/25/2023

SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE