IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY IEZZI | : CIVIL ACTION |
| | : |
| v. | : NO. 23-2827 |
| | : |
| CROSSCOUNTRY MORTGAGE, LLC | : |

# ORDER

**AND NOW**, this 3rd day of January 2024, upon considering Defendant's renewed Motion to compel arbitration and dismiss (ECF No. 25) filed after affording the parties leave to take discovery into Plaintiff's unconscionability defenses (ECF No. 16), Plaintiff's Opposition (ECF No. 28), Defendant's Reply (ECF No. 30), for reasons in today's accompanying Memorandum, and mindful of our collective obligations under Federal Rule 1 to ensure the oft-cited purposes of arbitration by monitoring cases stayed while remaining open on our dockets awaiting contractually mandated arbitration, it is **ORDERED** Defendant's Motion (ECF No. 25) is **GRANTED in part** to compel arbitration but **DENIED** as to dismissal at this early stage subject to progress in the arbitration requiring:

1. The parties shall forthwith proceed to arbitration consistent with the parties' Employment Agreement on the Plaintiff's claims and confirm beginning the arbitration process by no later than **January 12, 2024;**

2. We **deny** dismissal absent a Rule 41 stipulation, but the Clerk of Court shall place this matter on our **suspense** docket to allow the parties to proceed in contractual arbitration and then timely return to dismiss, vacate, or enforce a final award mindful extended delay in delayed arbitration processes may run contrary to the established oft-cited purposes of arbitration and Federal Rule of Civil Procedure 1, requiring:

a. Plaintiff file a Notice not exceeding two pages confirming the filing of the arbitration by no later than **January 17, 2024**;

b. Defendant file joint status memoranda not exceeding five pages on **March 15, 2024** and every thirty days thereafter confirming the parties' and arbitrator's specific progress until final award or dismissal in the arbitration;

c. Defendants shall file a Notice within three days of a dismissal or a final award; and,

3. Mindful the parties would likely secure a final order in this Court before July 25, 2024 absent the contractually-mandated arbitration, we grant the parties leave to **show cause** in memoranda not exceeding ten pages filed on or before **July 30, 2024** as to why we should not dismiss this case without prejudice to a party filing a new related action solely to enforce or vacate the final arbitration award without the concerns under Rule 1 should a party be unable to earlier move to enforce or vacate.

KEARNEY, J.